CARLOS MARTINEZ, SBN 248358
**ISON LAW FIRM**
A Professional Corporation
160 West Santa Clara Street
Tenth Floor, Suite 1050
San Jose, California 95113
www.isonlaw.com
Telephone: (408) 286-3070
Facsimile:  (408) 286-3602

Email: cmartin@isonlaw.com

Attorneys for Defendants
Duy Nguyen, Au Le, and Lighthouse Café, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No. 5:09-CV-03591-RMW |
| Plaintiff, | |
| vs. | NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT TAKEN AGAINST LIGHTHOUSE CAFÉ, INC. (FRCP 55(c)); |
| DUY NGUYEN, AU LE, LIGHTHOUSE CAFÉ, INC., | |
| Defendant. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| | Date:       December 18, 2009<br>Time:      9:00 a.m.<br>Judge:     Hon. Ronald M. Whyte<br>Location: Courtroom 6 |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 18, 2009, at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled court, located at 280 South 1st Street, San Jose, California, defendant Lighthouse Café, Inc. will and hereby does move the Court pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default entered

by the Clerk on September 23, 2009.

This motion to set aside the default is brought on the following grounds: (1) the corporation was purportedly served pursuant to FRCP 4(h)(1) on an individual who was not an officer, managing or general agent, or any other agent authorized to accept service and, as a result, service was improper, or, (2) service on the corporation was made pursuant to substitute service under CCP § 415.20 and the default was premature, or, in the alternative, (3) good cause exists as the failure to timely file an answer was the result of the client's mistake of fact as to when the summons was received. Furthermore, Defendant Lighthouse Café, Inc. has a meritorious defense to the Complaint and took immediate action to set aside the default, and no party will be unduly prejudiced if the default were to be set aside.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the declarations of Duy Nguyen, Huynh Nguyen, and Quach Carter, and upon all papers, records, and documents on file herein, and upon evidence, oral and documentary, to be presented at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

Plaintiff filed suit against defendants, alleging that on August 9, 2008, defendants illegally exhibited Ultimate Fighting Championship 87: "Seek and Destroy" at their commercial establishment, the M Café (also known as Lighthouse Café and Restaurant), in San Jose, California. Plaintiff's complaint alleges four counts – two related to purported violations of Title 47 U.S.C. Sections 553 and 605, et seq., another for conversion, and the fourth for violations of California Business & Professions Code § 17200. Included in Plaintiff's prayer are a claim for statutory damages of $170,000, restitution, disgorgement, and injunctive relief.

According to the proof of service, on September 1, 2009, Defendant Lighthouse Café, Inc. was served with the summons and complaint, not on its registered agent, but by service on John Tran, identified as the person in charge. The proof of service also reflects that service

was made pursuant to FRCP 4(h)(1) and also by substitute service pursuant to CCP § 415.020. Copies of the summons and complaint were later mailed the following day on September 2, 2009.

On September 21, 2009, Plaintiff filed a request to enter Lighthouse Café, Inc.'s default. In the meantime, a joint answer on behalf of defendants Duy Nguyen, Au Le, and Lighthouse Café, Inc. was filed on September 26, 2009. Two days later, on September 28, 2009, the clerk filed notice of entry of default, reflecting that the corporation's default was entered on September 23, 2009. Once it was discovered that the default had been taken, Plaintiff was asked to stipulate to set aside the default. Plaintiff declined to do so and advised that this motion would be necessary.

## II.

## ISSUES TO BE DECIDED

1. Whether service on Lighthouse Café, Inc. was made pursuant to FRCP 4(h)(1) or CCP § 415.20 given the conflicting statements in the proof of service.

    a. If service was made pursuant to FRCP 4(h)(1), whether service on John Tran, who is not an officer, managing or general agent, or any other agent authorized to accept service, and, in fact, does not work for Lighthouse Café, Inc., constitutes proper service, or

    b. If service was made pursuant to CCP § 415.20, whether the default entered prior to the expiration of time in which to respond was proper.

2. Whether good cause exists to set aside the default taken against Lighthouse Café, Inc.

//

## II.

## PLAINTIFF EITHER FAILED TO SERVE AN INDIVIDUAL AUTHORIZED TO ACCEPT SERVICE PURSUANT TO FRCP 4(h)(1) OR PREMATURELY TOOK DEFENDANT'S DEFAULT UNDER CCP § 415.20; EITHER WAY, THE DEFAULT SHOULD BE SET ASIDE.

The proof of service for defendant Lighthouse Café, Inc. contains contradictory statements as to whether service was made pursuant to FRCP 4(h)(1) or CCP § 415.20. While the first page of the proof of service unequivocally states service was made pursuant to FRCP 4(h)(1), the second page reflects that service was made by substitute service under CCP § 415.20. As discussed below, the defects in the service of process warrant the granting of Lighthouse Café, Inc.'s motion for relief from default. *Carimi v. Royal Caribbean Cruise Line, Inc.* (5th Cir. 1992) 959 F2d 1344, 1345.

### A.   Substitute Service Pursuant to CCP § 415.20.

Under CCP § 415.20, service of the summons is deemed complete on the 10th day after mailing. Here, the proof of service states that after substitute service was made, copies of the complaint and summons were mailed on September 2, 2009. Service was, therefore, complete on September 12, 2009 and no default could be taken prior to October 2, 2009, twenty days after September 12th. Plaintiff's request to take Lighthouse Café, Inc.'s default, however, was submitted on September 21, 2009 and the clerk prematurely entered the default on September 23, 2009.

### B.   Service Pursuant to FRCP 4(h)(1).

Conversely, the proof of service also reflects that service on Lighthouse Café, Inc. was made by on John Tran pursuant to FRCP 4(h)(1) (service made on a corporation by delivering a copy of the summons and complaint on an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process.)

John Tran, though, is not an officer, managing or general agent, or any other type of agent authorized to receive service of process. *Decl. Duy Nguyen* ¶¶ 10-11. In fact, no one by the name John Tran is employed or otherwise affiliated with Lighthouse Café, Inc. *Decl.*

1  *Nguyen* ¶ 10-11; *Decl. Huynh Nguyen* ¶ 4; *Decl. Carter* ¶ 4. And, as such, there was no valid
2  service upon which defendant Lighthouse Café, Inc.'s default could be taken.

### III.

### NOTWITHSTANDING THE SERVICE DEFECTS, GOOD CAUSE EXISTS TO SET ASIDE THE DEFAULT TAKEN AGAINST LIGHTHOUSE CAFÉ, INC.

The summons and complaint were found on the counter, near the cash register, during the first week of September 2009. *Decl. Duy Nguyen* ¶ 6. As the complaint and summons were not served on the agent for service nor on anyone else authorized to accept service, it was mistakenly believed that Plaintiff had, at best, attempted service by substitute service. This belief was further buttressed by the fact that a copy of the complaint and summons was later received in the mail. It was not until after Defendants filed their joint answer that it was determined that Lighthouse Café, Inc.'s default was taken, and that the purported service was made pursuant to FRCP 4(h)(1) on September 1, 2009. *Decl. Duy Nguyen* ¶ 8-9.

Under FRCP 55(c), a court, at its discretion, has the power to set aside the entry of default "for good cause shown." The general rule in the Ninth Circuit is that default judgments are ordinarily disfavored; whenever reasonably possible, cases should be decided on their merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). While the Federal Rules of Civil Procedure do not set out a formula for determining "good cause," the Ninth Circuit considers three factors in determining whether or not "good cause" exists: (1) whether it was the defendant's culpable conduct that led to the default, (2) whether the defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice the plaintiff. *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001).

### A.   Lack of Culpable Conduct.

The neglectful failure to timely file an answer is not necessarily culpable or inexcusable if the defendant is able to offer a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *TCI*, 244 F.3d at 697-698. In the same case, the Ninth Circuit further explained that a defendant's conduct was typically found culpable when there was no explanation for the default "inconsistent with a devious, deliberate, willful, or bad faith failure

to respond." *TCI*, 244 F.3d at 698.

Here, the summons and complaint were purportedly left with John Phan, who is not affiliated with defendant Lighthouse. Defendant had no way of knowing when it was allegedly served and, furthermore, mistakenly believed that it had been served by means of substitute service, making its answer due, at the earliest, in October. Lighthouse then attempted to file its answer on September 26, 2009, three days after the default was entered. Given that Plaintiff's own proof of service states, in part, that service was made by substitute service, it can hardly be said that defendant's conduct was devious, deliberate, willful, or in bad faith.

### B. Defendant has a Meritorious Defense.

The first count, violation of Title 47 U.S.C. Section 605 (Federal Communications Act), prohibits commercial establishments from intercepting and broadcasting satellite cable programming to its patrons. See *J&J Sports Prods. Inc., v. Cortes*, 2009 U.S. Dist. LEXIS 29353 at *4 (N.D. Cal. 2009) and *That's Entertainment, Inc. v. J.P.T., Inc.*, 843 F. Supp. 995, 998 (D. Md. 1993). The second count, violation of Title 47 U.S.C. Section 553 (Cable and Television Consumer Protection and Competition Act), prohibits the unauthorized reception or interception of communications offered over a cable system.

The facts are not dissimilar to those in another matter filed this year, in this Court, by the same plaintiff's counsel. The Court in *J&J Sports Prods. v. Sergio Santana Guzman, et al.*, 2009 U.S. Dist. LEXIS 32273 at *5-6 (N.D. Cal. 2009), found that while the complaint was less than clear as to whether plaintiff alleged that a fight broadcast was a violation of section 605 (satellite broadcasting) or 553 (cable signal broadcasting), what seemed obvious to the Court was that it could not be both. Nor was the Court persuaded that a perpetrator would commit double piracy by using both a cable box and a satellite to broadcast a single program. *J&J Sports Prods. Inc. v. Sergio Santana Guzman, et al.*, 2009 U.S. Dist. LEXIS at *6. Here, defendant Lighthouse paid DirecTV for a license to broadcast the fight. *Decl. Duy Nguyen* ¶ 12. The broadcast signal was not obtained through a cable signal, but rather a satellite signal. As such, defendant has a meritorious defense as to the Title 47 U.S.C. section

553 claims.

There are also fatal defects in plaintiff's fourth count – violation of California Business and Professions Code § 17200, et seq. For alleged violations of section 17200 of the B&P, Plaintiff seeks restitution, disgorgement, injunctive, and declaratory relief. The restitution Plaintiff seeks is actually a claim for disgorgement, a remedy only allowed in class action cases and only when the full standing requirements for a class action are met. *Korea Supply Company v. Lockheed Martin Corp.* (2003) 29 CA4th 1134, 1149; *Shersher v. Superior Court* (2007) 154 CA4th 1491, 1498. Bus. & Prof. Code § 17203 provides, "Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 [requiring economic injury] and complies with Section 382 of the Code of Civil Procedure…" Again, defendant Lighthouse Café, Inc. has demonstrated meritorious defense to another of plaintiff's counts.

As for the first count, violation of Title 47 U.S.C. section 605, plaintiff presumably seeks statutory damages of no more than $10,000, pursuant to section 605(e)(3)(C)(i)(II), and $100,000 in additional damages for willfully violating the section, pursuant to section 605(e)(3)(c)(ii). Unlike the typical case in which a commercial establishment use pirated software chips and devices to unlawfully broadcast programs, defendant Lighthouse paid for the right to do so. Defendant Lighthouse Café, Inc. obtained and paid DirecTV for a license to broadcast the fight. *Decl. Duy Nguyen* ¶ 12.

Unaware that plaintiff had exclusive rights for commercial broadcasts, Lighthouse mistakenly believed that, by paying DirecTV $54.95, its actions were lawful, which they may have been. *Decl. Duy Nguyen* ¶ 13. A plaintiff, in order to establish a *prima facie* case of willful infringement, must prove that a defendant was aware, or should have been aware, that its activities were infringing. *Hearst Corp. v. Stark,* 639 F. Supp. 970, 979-80 (N.D. Cal. 1986). This, plaintiff cannot do here, which is fatal both to the additional $100,000 in damages plaintiff seeks and its conversion claim.

//

### C. No Prejudice to Plaintiff.

Defendant Lighthouse attempted to file its answer after plaintiff submitted its request for default, but before the clerk entered the default. Shortly after discovering that the default was taken, plaintiff was asked to stipulate to set aside it aside, which it declined to do. Prejudice must entail more than harm related to delaying resolution of the case. Instead, the standard is whether plaintiff's ability to pursue its claims will be hindered. *TCI*, 244 F.3d at 701. Given the amount of time that has lapsed between the entry of default and the filing of this motion, there will be no loss of evidence or increased potential for fraud will ensue. Furthermore, Plaintiff has made no attempts to move for a default judgment and no prejudice will be incurred by having to litigate the merits of this case. Defendant, on the other hand, will suffer extreme prejudice if the default is not aside and this matter proceeds to a default judgment.

## IV.

## CONCLUSION

Having failed to properly serve the complaint and summons and demonstrated its own confusion as to the manner in which it contends Lighthouse Café, Inc. was served, plaintiff should not be rewarded by allowing the default to stand. Cases should be disposed of on their merits, especially in cases such as this, where defendant's conduct has not been culpable, it has demonstrated a meritorious defense to plaintiff's claims, and no prejudice will befall plaintiff if the default is set aside.

Defendant Lighthouse Café, Inc. respectfully requests that the court grant its motion to set aside the default and allow it to file its proposed answer.

Dated: November 13, 2009

_C. Martinez_
Carlos Martinez, Esq.
**Ison Law Firm, APC**
Attorney for Defendants

# PROOF OF SERVICE

(FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, and a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Ison Law Firm, APC, 160 West Santa Clara, Suite 1050, San Jose, California 95113.

On the date set forth below I served the documents described below in the manner described below:

> NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT TAKEN AGAINST LIGHTHOUSE CAFÉ, INC. (FRCP 55(c));
> MEMORANDUM OF POINTS AND AUTHORITIES;
> DECLARATION OF DUY NGUYEN IN SUPPORT;
> DECLARATION OF HUYNH NGUYEN IN SUPPORT;
> DECLARATION OF QUACH CARTER IN SUPPORT

BY UNITED STATES MAIL. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the this law firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Jose, California.

Addressed to: Thomas P. Riley, Esq., 1114 Fremont Ave, South Pasadena, CA 91030

BY EMAIL OR ELECTRONIC TRANSMISSION. As a courtesy to the party, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Emailed to: tprlaw@att.net

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in San Jose, California.

Dated: November 13 2009          _C. Martin_
                                  Carlos Martinez, Esq.

Notice of Motion and Motion to Set Aside Default • 9 • 5:09-CV-03591-RMW