CARLOS MARTINEZ, SBN 248358
**ISON LAW FIRM**
**A Professional Corporation**
160 West Santa Clara Street
Tenth Floor, Suite 1050
San Jose, California 95113
www.isonlaw.com
Telephone: (408) 286-3070
Facsimile:   (408) 286-3602

Email: cmartin@isonlaw.com

Attorneys for Defendants
Duy Nguyen, Au Le, and Lighthouse Café, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No. 5:09-CV-03591-RMW |
| Plaintiff, | |
| vs. | REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT TAKEN AGAINST LIGHTHOUSE CAFÉ, INC. (FRCP 55(c)); |
| **DUY NGUYEN, AU LE, LIGHTHOUSE CAFÉ, INC.,** | |
| Defendant. | Date:       December 18, 2009<br>Time:      9:00 a.m.<br>Judge:     Hon. Ronald M. Whyte<br>Location: Courtroom 6 |

In opposition to defendant Lighthouse Café, Inc.'s motion to set aside the default, plaintiff cites to *Direct Mail Specialists v. Eclat Computerized Technologies*, 940 F.2d 685 (9th Cir. 1988) in support of its assertion that service was proper because FRCP 4(h)(1) is to be liberally construed and that the failure to respond is tantamount to culpable behavior.

**A.     IMPROPER SERVICE**

While *Direct Mail* does state that service on a corporation need not be solely limited to officially designated officers, managing agents, or agents appointed by law to accept service, it

does not go as far as plaintiff claims (service is effectuated so long as a party receives sufficient notice of the complaint).  What immediately follows *Direct Mail*'s reiteration that Rule 4 is flexible and should be liberally construed so long sufficient notice is received by a party, is the following:

> Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'  *Id.* at. 688, citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Here, there has been no compliance with Rule 4, substantial or not, as no one who was affiliated in any way with defendant corporation was served with the complaint and summons. Plaintiff persists in arguing that "John Tran" had apparent authority; plaintiff, however, failed to provide a declaration from the process server outlining the basis for such a belief.  Instead, plaintiff argues that the fact that there were two individuals with the last name of Tran who worked for the corporation, makes it reasonable for the process server to believe that "John Tran" had authority to accept service.  This, of course, is similarly unsupported by competent evidence, notwithstanding how logically unsound it is.

The determination of whether an individual is a managing or general agent depends on a factual analysis of their authority within the organization.  *Id*.  Ultimately, though, it is the same language that plaintiff cites that proves fatal to its claim that service was proper – "service can be made 'upon a representative so integrated with the organization that he will know what to do with the papers.'" *Id*. at 688, quoting *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa* 428 F. Supp 1237, 1251 (S.D.N.Y. 1977).  There is no "John Tran" who works for the corporation or is any way affiliated with the corporation. Purported service on such a person, who is neither employee, affiliated, nor integrated with the organization, could not be valid.

And, again, if there were any details that would support such a belief that "John Tran" had apparent authority, plaintiff has not presented any in the form of competent evidence.

//

ISON LAW FIRM, APC
160 WEST SANTA CLARA
TENTH FLOOR, SUITE 1050
SAN JOSE, CALIFORNIA 95113

### B. LACK OF CULPABLE CONDUCT

Plaintiff, again, relies on *Direct Mail* and *Franchise Holdings II, LLC v. Huntington Restaurants Group Inc*., 375 F.3d 922 (9th Cir. 2004) for its contention that the failure to timely respond after receiving actual or constructive notice of the action is tantamount to culpable conduct. Plaintiff's reliance, again, is misplaced. Other Courts have characterized *Franchise Holdings II* as an anomalous case for the reasons stated below.

> . . . [T]he Ninth Circuit has reached a [decision] seemingly inconsistent [to TCI] in *Franchise Holding II $*(]. The [Franchise *Holding II]* court stated that where a "defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable" in the context of entry of default. Although this position appears to be directly contrary to the court's position in TCI, the court engages in little analysis and fails to even mention, let alone explicitly overrule, TCI.
>
> In addition, subsequent to *Franchise Holding II*, the Ninth Circuit once again broadly defined excusable neglect. In *Pincay v. Andrews*, an en banc panel of the Ninth Circuit upheld the district court's finding of "excusable neglect" where an attorney had delegated to a paralegal the task of calendaring the date for the notice of appeal and the paralegal misinterpreted an unambiguous rule concerning the filing deadline causing the firm to miss the deadline. Although the court recognized that a mistake of law in reading a rule of procedure "is one of the least compelling excuses that can be offered," it held that "the nature of the contextual analysis and the balancing of the factors adopted [by the Supreme Court] counsel against the creation of any rigid rule" that certain conduct is inexcusable. The court went on to find that a district court is in the best position to make excusable neglect determinations. As *TCI* gives a thorough reasoned basis for its decision, *Franchise Holding II* provides no analysis and fails to even mention *TCI*, and the Ninth Circuit again

1 broadly defined excusable neglect after *Franchise Holding II*, the Court finds

2 *Franchise Holding II* anomalous and unpersuasive. *E. & J. Gallo Winery v. Cantine*

3 *Rallo, S.p.A.*, 430 F. Supp. 2d 1064, 1086 (E.D. Cal. 2005), quoting *Quach v. Cross*, 2004 WL

4 2862285, *6 (C.D. Cal.)

5 The arguments plaintiff makes are not unlike those made by plaintiff in another case –

6 *Ins. Corp. v. H&H Plastering, Inc.*, 2008 U.S. Dist. LEXIS 76811 (N.D. Cal. 2008). Plaintiff

7 in Ins. Corp. opposed defendant's motion to set aside the default by arguing that defendant's

8 conduct was culpable since actual or constructive notice was received, yet defendant failed to

9 file an answer. The Court, however, was not persuaded, citing to the standard for culpable

10 conduct set out in *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697-698 (9th Cir.

11 2001), that the neglectful failure to respond to a complaint for which the defendant offers a

12 credible, good faith explanation negating any intention to take advantage of the other party,

13 interfere with judicial decision making, or otherwise manipulate the legal process is not

14 intentional and, therefore, is not necessarily culpable conduct.

15 Plaintiff in *Ins. Corp.* also cited *Franchise Holding II*, which the Court dismissed as

16 being distinguishable. In *Franchise Holding II*, after the plaintiff properly served defense

17 <u>counsel</u>, plaintiff requested a default judgment seven months after the default, which was

18 granted a month later, and it was only after plaintiff began collecting on the judgment (10

19 months after the clerk entered the defendant's default), that defendant filed a motion to set

20 aside the default.

21 Here, service was not proper, defendant attempted to file an answer within a matter of

22 days of the request for default, no default judgment has been taken, and, as plaintiff has more

23 or less conceded, no prejudice will befall plaintiff if the motion is granted.

24 **C. INABILITY TO ESTABLISH WILLFULNESS**

25 Although a minor point, it bears addressing given plaintiff's apparent confusion of the

26 facts of this case. Plaintiff argues that defendants' actions must be deemed willful since the

27 interception of closed circuit broadcasting is unlikely the result of chance and that the

28 acquisition of an encrypted signal would have required affirmative actions that would imply

ISON LAW FIRM, APC
160 WEST SANTA CLARA
TENTH FLOOR, SUITE 1050
SAN JOSE, CALIFORNIA 95113

both technical sophistication and a desire to obtain a benefit to which they were not entitled. In making this argument, plaintiff has apparently forgotten that the broadcast was done through a DirecTV account for which a $54.95 fee was paid. The signals were not surreptitiously stolen through the use of illegal means; they were directly transmitted to the receiver by DirecTV.

### D.   CONCLUSION

As set out in the proof of service, on September 1, 2009, V.W. Rzepka walked into the Lighthouse Café & Restaurant and left a copy of the complaint and summons with "John Tran," a person Rzepka presumably believed was apparently in charge. Unfortunately, since no declaration was submitted by Rzepka, we are at a loss as to why Rzepka believed this to be true; what the defendant's supporting declarations have shown is that there is no one by the name "John Tran" who worked for or was in any way affiliated with the Lighthouse Café, Inc. There has not been compliance, substantial or otherwise, with Rule 4 and service, as a result, was improper. Defendant Lighthouse Café, Inc. respectfully requests that its motion be granted.

Dated:  December 4, 2009

_____
Carlos Martinez, Esq.
**Ison Law Firm, APC**
Attorney for Defendants

## PROOF OF SERVICE

(FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, and a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Ison Law Firm, APC, 160 West Santa Clara, Suite 1050, San Jose, California 95113.

On the date set forth below I served the documents described below in the manner described below:

    REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE DEFAULT;
    DECLARATION OF DUY NGUYEN IN REPLY;
    DECLARATION OF TAM TRAN IN REPLY

BY UNITED STATES MAIL. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the this law firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Jose, California.

Addressed to:   Thomas P. Riley, Esq., 1114 Fremont Ave, South Pasadena, CA 91030

BY EMAIL OR ELECTRONIC TRANSMISSION.  As a courtesy to the party, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Emailed to:   tprlaw@att.net

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed in San Jose, California.

Dated:  December 4, 2009

                                                        _C. Martinez_____
                                                       Carlos Martinez, Esq.